**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:22-cr-20508-PCH/Becerra

UNITED STATES OF AMERICA,

v.

JUAN ARMAS-DENIS,

      Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the Court following the District Court's referral for a change of plea.  ECF No. [117].  Based upon the Change of Plea hearing conducted on March 13, 2023, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1.      This Court advised Juan Armas-Denis ("Defendant") of the right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court.  This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case.  Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2.      This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3.      Defendant pled guilty to Count 1 of the Superseding Indictment.  Count 1 charges

Defendant with conspiracy to possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846.  The Court advised Defendant that as to Count 1, there is a mandatory minimum of 5 years' and a maximum of 40 years' imprisonment, followed by a period of supervised release of up to 5 years years, and a possible fine of up to $5,000,000.00.  The Court also advised Defendant that there is a mandatory special assessment of $100.00, including the possibility of forfeiture.

4.       To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer.  The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant acknowledged that the Factual Proffer was accurate.

5.       There is a written plea agreement which has been entered into by the parties in this case.  This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

6.       Defendant also waived his right to appeal the sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. Defendant also waived the right to challenge the constitutionality of the statutes at issue and whether the conduct falls within the statutes.  The undersigned finds that Defendant's waiver of the right to appeal as described herein is knowing and voluntary.

7.       Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea

of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered a guilty plea to Count 1 of the Superseding Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

9.     A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

As the undersigned advised counsel, the parties must file a statement of non-objection or file written objections to this Report and Recommendation, by March 13, 2023.  Counsel did not object to this deadline.  Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on March 13, 2023.

_____
JACQUELINE BECERRA
United States Magistrate Judge